1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MEDICAL CORPORATION SEISHINKAI, | Case No.   5:22-mc-80282-EJD |
| Plaintiff, | |
| | **ORDER GRANTING EX PARTE APPLICATION FOR DISCOVERY PURSUANT TO 28 U.S.C. § 1782** |
| v. | |
| GOOGLE LLC, | Re: ECF No. 1 |
| Defendant. | |

Before the Court is Medical Corporation Seishinkai's *ex parte* application for an order pursuant to 28 U.S.C. § 1782 to authorize discovery for use in a foreign proceeding.  ECF No. 1. For the reasons stated below, the *ex parte* application is **GRANTED**.

I.      **BACKGROUND**

Medical Corporation Seishinkai ("Applicant") is a medical corporation organized and existing under the laws of Japan and doing business as Shinminato Itose Dental (the "Clinic"), a dental clinic specializing in dental implants.  ECF No. 1 at 1.  Prospective patients often discover the Clinic using the Google search engine.  *Id.*  The Clinic maintains a business profile that appears on Google Maps, an online map service operated by Google.  *Id.* at 2.  When searched on the Google engine, the Clinic's Google Maps profile displays the business's contact information and public reviews.  *Id.* at 1–2.  Reviews are left by individuals with Google accounts and show the individual's display name.  *Id.* at 2.

Applicant contends that an anonymous individual with the display name "sa ka" posted a false review of the Clinic on Google Maps.  *Id.*  The user left a one-star review claiming that he

1   cannot trust the Clinic to perform dental work because the Clinic performed an orthodontic

2   diagnosis at his free consultation without conducting an examination.  ECF No. 1-1, Katsuki Itose

3   Decl. ¶ 12; ECF No. 1-3, Yoshie Katsurada Decl.  The Clinic contends that this review is false

4   because the Clinic offers "free consultations" that provide preliminary consultations and not final

5   diagnoses.  Itose Decl. ¶ 12.  Clients must pay to have examinations performed in order to receive

6   diagnoses.  *Id.*  As a result, Applicant asserts that its reputation has been damaged and the Clinic

7   has experienced a significant decrease in new patients after the publication of the false review.

8   ECF No. 1 at 2.

9   Applicant intends to initiate a civil action alleging reputational tort against the user

10  pursuant to Articles 709 and 710 of the Civil Code of Japan.  ECF No. 1 at 3.  However, Applicant

11  is unable to identify the user's true identity.  *Id.* at 2.  The Applicant needs the true identity of the

12  user to file the civil lawsuit because Japanese law does not allow for lawsuits to be filed against

13  anonymous persons.  *Id.*  Therefore, Applicant filed this petition seeking authorization to conduct

14  limited discovery by serving a subpoena upon Google LLC ("Google"), which is located in this

15  district, to discover personal identifying information ("PII") that can be used to identify the user.

16  *Id.*

17  Applicant seeks permission to serve a subpoena on Google for production of four

18  categories of documents intended to assist the Applicant in identifying the user's true identity.

19  ECF No. 1, Ex. A.  The first and third categories seeks documents showing certain information

20  registered with the user's account, with Google Ads accounts, and with "other accounts that are

21  controlled by [Google]" that the user's account has been used to login with, including the:

      (i)     names;

22        (ii)    physical, billing, shipping, or ALL other addresses;

23        (iii)   recovery, authentication, or ALL other e-mail addresses;

24        (iv)   recovery, authentication, or ALL other telephone numbers;

25        (v)    ALL names and addresses of ALL credit cards

26           registerd to the ACCOUNT (but not the credit card number, expiration date, or card validation code); and

27

Case No.: 5:22-mc-80282-EJD

28  ORDER GRANTING EX PARTE APPLICATION FOR DISCOVERY PURSUANT TO 28 U.S.C. § 1782

United States District Court
Northern District of California

(vi)    ALL names, addresses, e-mail addresses, telephone numbers, and names of the payment methods (such as PayPal), for ALL non-credit card payment methods registered to the ACCOUNT.

*Id.* In addition to the above information, the third category of documents also requests information relating to "the type of all other accounts" that the user's account has logged into. *Id.* The second category seeks production of documents for the three-month period preceding the date of publication of the user's review showing access logs that contain dates, times, IP addresses, port numbers, and destination IP addresses of the user's account. *Id.* The fourth and final category seeks the same information in the same timeframe as the second category but relating to the Google Ads and all other accounts controlled by Google that the user's account has been used to log into. *Id.*

The application is supported by the declaration of Tomohiro Kanda, an attorney licensed in Japan who has been hired by the Clinic for the purpose of pursuing the aforementioned civil lawsuit against the user. ECF No. 1-2 ¶¶ 1, 4.

## II.    LEGAL STANDARD

Title 28 United States Code § 1782(a) provides federal court assistance in gathering evidence for use in foreign proceedings. *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247 (2004). The statute specifically authorizes a district court to order a person residing or found within the district "to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation." 28 U.S.C. § 1782(a). The statute may be invoked where: (1) the discovery is sought from a person residing in the district of the court to which the application is made; (2) the discovery is for use in a proceeding before a foreign tribunal; and (3) the applicant is a foreign or international tribunal or an "interested person." *Intel Corp.*, 542 U.S. at 246; *Khrapunov v. Prosyankin*, 931 F.3d 922, 925 (9th Cir. 2019).

Even where the statutory requirements are met, the district court retains discretion in determining whether to grant an application under § 1782(a) and may impose conditions it deems

United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

desirable. *Intel Corp.*, 542 U.S. at 260 (quotations and citation omitted). In *Intel*, the Supreme Court created a non-exhaustive list of factors to consider in ruling on a § 1782(a) request, including (1) whether the person from whom discovery is sought is a participant in the foreign proceeding; (2) the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance; (3) whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States; and (4) whether the request is unduly intrusive or burdensome. *Id.* at 264–66.

## III.     DISCUSSION

### A.     Statutory Factors

The Court finds that Medical Corporation Seishinkai satisfies the three statutory criteria of § 1782(a).

First, Applicant satisfies the residence requirement because Google is headquartered in and has its principal place of business in Mountain View, California, and therefore resides or can be found in this district. ECF No. 1-2, Ex. 1. *See, e.g.*, *In re Med. Inc. Ass'n Takeuchi Dental Clinic*, 2022 WL 10177653, at *2 (N.D. Cal. Oct. 17, 2022) (Google met residence requirement under 28 U.S.C. § 1782(a) due to headquarters and principal location in Mountain View).

The second factor is satisfied because Applicant has demonstrated that the discovery is sought for use in a proceeding before a "foreign or international tribunal." The Supreme Court has held that "foreign or international tribunal" refers to governmental or intergovernmental bodies. *ZF Auto. US, Inc. v. Luxshare, Ltd.*, 142 S. Ct. 2078, 2088 (2022). "Thus, a 'foreign tribunal' is one that exercises governmental authority conferred by a single nation, and an 'international tribunal' is one that exercises governmental authority conferred by two or more nations." *Id.* This requirement is not limited to adjudicative proceedings that are pending; § 1782(a) may be invoked where such proceedings are "likely to occur" or are "within reasonable contemplation." *Intel Corp.*, 542 U.S. 241 at 258–59. Here, Applicant represents that discovery is intended for use in a

United States District Court
Northern District of California

United States District Court
Northern District of California

1  complaint for tort damages in Japan under Civil Code Articles 709 and 710.  Itose Decl. ¶ 16.

2  Applicant hired Mr. Kanda to pursue the civil lawsuit in Japan once the identity of the user has

3  been ascertained.  *Id.* ¶¶ 15, 17.  According to Mr. Kanda, Applicant has a prima facie case against

4  the user under Articles 709 and 710.  ECF No. 1-2, Tomohiro Kanda Decl. ¶ 9.  Therefore,

5  Applicant has shown that civil proceedings in Japan are "likely to occur" or are "within reasonable

6  contemplation."  *See Ishiyama v. Google LLC*, No. 22-MC-80192-EJD, 2022 WL 17970190, at *2

7  (N.D. Cal. Dec. 27, 2022).

8      Finally, the third statutory factor is satisfied because, as a putative plaintiff, Applicant is an

9  "interested person," which includes litigants before foreign or international tribunals.  *Intel Corp.*,

10  542 U.S. 241 at 257 ("Any interested person" is "intended to include not only litigants before

11  foreign or international tribunals, but also foreign and international officials as well as any other

12  person whether he be designated by foreign law or international convention or merely possess a

13  reasonable interest in obtaining the assistance.") (quotations and citation omitted).  Applicant has

14  demonstrated that they will be active litigants in the Japanese proceedings once initiated, thereby

15  satisfying the "interested persons" requirement.

16      **B.    *Intel* Factors**

17      For the reasons outlined below, the *Intel* factors likewise weigh in favor of granting

18  Medical Corporation Seishinkai's application request to serve a § 1782 subpoena on Google.

19      Turning to the first factor, the Court finds that the material is not within the jurisdictional

20  reach of the foreign proceeding.  The relevant inquiry is whether the evidence is available to the

21  foreign proceeding or tribunal "because in some circumstances, evidence may be available to a

22  foreign tribunal even if it is held by a non-participant to the tribunal's proceedings."  *In re*

23  *Qualcomm Inc.*, 162 F. Supp. 3d 1029, 1039 (N.D. Cal. 2016); *see also In re Varian Med. Sys.*

24  *Int'l AG*, 2016 WL 1161568, at *3 (N.D. Cal. Mar. 24, 2016).  "[T]he first Intel factor militates

25  against allowing § 1782 discovery when the petitioner effectively seeks discovery from a

26  participant in the foreign tribunal even though it is seeking discovery from a related, but

27  Case No.: 5:22-mc-80282-EJD

28  ORDER GRANTING EX PARTE APPLICATION FOR DISCOVERY PURSUANT TO 28
U.S.C. § 1782

5

technically distinct entity." *In re Varian Med. Sys. In'l AG*, 2016 WL 1161568 at *4 (quotation marks omitted). Here, Google will not be a party in the civil action that will be initiated in Japan. Kanda Decl. ¶ 13. Moreover, the documents Applicant seeks by subpoena are held by Google in the United States. *Id.* ¶¶ 13, 24.

The second *Intel* factor also favors granting Applicant's request. In consideration of the receptivity of the foreign court or tribunal, "[c]ourts conducting this analysis focus on the utility of the evidence sought and whether the foreign tribunal [or court] is likely to receive the evidence." *In re Qualcomm Inc.*, 162 F. Supp. 3d at 1040. Here, Applicant asserts that Japanese courts are receptive to United States discovery, including discovery of PII of anonymous online users. ECF No. 1 at 7; Kanda Decl. ¶¶ 14-15; *see also Ishiyama*, 2022 WL 17970190, at *3 (finding that Japanese courts are receptive are receptive to discovery assistance from United States courts under similar circumstances). Applicant contends that there are no known restrictions imposed by or any policies under Japanese law limiting U.S. federal court judicial assistance. ECF No. 1 at 7. Therefore, the second *Intel* factor weighs in Applicant's favor.

The third factor—whether an applicant seeks "to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States"—also weighs in favor of granting Applicant's request. *Intel Corp.*, 542 U.S. at 265. "Courts have found that this factor weighs in favor of discovery where there is nothing to suggest that the applicant is attempting to circumvent foreign proof-gathering restrictions." *Med. Inc. Ass'n Smile Create*, 547 F. Supp. 3d 894, 899 (N.D. Cal. 2021) (quotations and citations omitted). The Applicant represents that it is not attempting to circumvent any foreign proof-gathering restrictions of Japan or the United States. ECF No. 1 at 8; Kanda Decl. ¶ 16. Absent any evidence that Applicant is attempting to circumvent foreign proof-gathering restrictions, this factor also weighs in Applicant's favor.

Finally, courts must consider whether the discovery sought is "unduly intrusive or burdensome." *Intel Corp.*, 542 U.S. at 265. Discovery requests are intrusive or burdensome if "not narrowly tailored temporally, geographically or in their subject matter." *In re Qualcomm*

United States District Court
Northern District of California

1   *Inc.*, 162 F. Supp. 3d at 1044.  In his declaration in support, Mr. Kanda asserts that the information

2   and documents sought by the Applicant are "narrowly tailored and limited to the discovery of

3   information necessary to identify the true identity of the Anonymous Individual against whom the

4   civil lawsuit will be filed."  Kanda Decl. ¶ 24.  Applicant notes that the subpoena does not seek the

5   contents of any communications associated with the user's Google account.  ECF No. 1 at 9.

6        Applicant requests "all documents" identifying the user of the Google Account, including

7   names, addresses, telephone numbers, and e-mail addresses; the names and addresses of credit

8   card holders registered on the Google Account; and access logs (including dates, times, IP

9   addresses, and access type) for the Google Account from the three-month period preceding the

10  date of publication of the user's review.  ECF No. 1, Ex. A.  Applicant states that "[a]s for

11  discovery of access log, discovery of the IP address and the corresponding port number and date

12  and time that the IP address was used (commonly known as a timestamp) is reasonable and

13  necessary because IP addresses and port numbers are assigned by an internet service provider (the

14  "ISP") at the time that a user accesses the internet."  *Id.* (citing Kanda Decl. ¶ 18(c)-(d)).  This

15  information is narrowly tailored to identifying an "anonymous" individual used the IP address at a

16  certain point in time.

17       Applicant also requests similar information concerning "Google Ads accounts or any other

18  accounts that are controlled by Google" and that the user account is used to login with.  Kanda

19  Decl. ¶ 17.  Mr. Kanda explains that, in his experience, some user's do not include PII in their

20  Google account but may indicate PII in their Google Ads accounts or other accounts used to log

21  into their Google account.  *Id.*

22       Accordingly, the Court finds that the subpoena is narrowly tailored.  *See Ishiyama*, 2022

23  WL 17970190, at *3 (granting a § 1782 request for nearly identical discovery to that sought by the

24  Applicant); *In re Med. Inc. Ass'n Takeuchi Dental Clinic*, 2022 WL 10177653, at *3 (same).

25       In sum, the *Intel* factors favor granting Applicant's request.

26

27  Case No.: 5:22-mc-80282-EJD

28  ORDER GRANTING EX PARTE APPLICATION FOR DISCOVERY PURSUANT TO 28
    U.S.C. § 1782

United States District Court
Northern District of California

**IV.     CONCLUSION**

Having considered applicant's *ex parte* application for an order pursuant to 28 U.S.C. § 1782 permitting discovery for use in foreign proceeding,

IT IS HEREBY ORDERED that:

1. Medical Corporation Seishinkai's application is **GRANTED**; and

2. Medical Corporation Seishinkai may serve the subpoena filed as ECF No. 1 "Exhibit A" on Google LLC.

**IT IS SO ORDERED.**

Dated: May 30, 2023

_____
EDWARD J. DAVILA
United States District Judge